**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ERIC HURD,**

          **Plaintiff,**

      **v.**                       **CASE NO. 09-3222-SAC**

**BILL MCBRYDE,**
**et al.,**

          **Defendants.**

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Seward County Detention Center (SDC), Liberal, Kansas. Plaintiff names as defendants Sheriff Bill McBryde, described as the Custodian of the SDC; and Rob Gant, Captain, Seward County Sheriff's Department.

**FACTUAL BACKGROUND AND CLAIMS**

As the factual basis for this complaint, plaintiff alleges the following. During his detention at the SDC, on approximately July 15, 2009, he was bitten by a "brown recluse, fiddle back" spider "while sitting at a pod table". On July 17, 2009, he requested medical attention, but received no response. As his symptoms worsened, he submitted multiple emergency medical grievances that were not answered. After repeatedly complaining of severe pain, nausea, infection, chills, fever, and developing a lemon-sized abscess from the bite, he finally got a jail official to look at his bite and was taken to a hospital emergency room on August 1, 2009. Emergency surgery was performed to remove the abscess. He suffered

a staph infection from the bite, was hospitalized for a little over 2 days and treated with many medications. He had internal packing that was replaced every day for a month, which was a very painful process.

On September 16, 2009, plaintiff was bitten by another brown recluse spider, this time on his chest. On September 18, 2009, he requested medical attention. He was taken to the emergency room on September 21, 2009, and on September 22, he had a second, even more painful surgery for this bite. He is currently going to the hospital daily to have his packing changed, is being treated with many medications, and is suffering pain, scarring and damages.

Based on the foregoing allegations, plaintiff claims defendants denied him timely proper medical attention and, as a result, caused him unnecessary pain, suffering, scarring, and damages.

Plaintiff additionally claims defendants knew the conditions and risks, but failed to take reasonable actions to prevent them. In support, he alleges that between May 2 and October 2009, "numerous detainees" were bitten by brown recluse spiders, and that currently several are being treated for the bites with an average of 5 to 15 per month. He has attached statements of other inmates indicating a "spider problem" at SDC.

Plaintiff also complains that while he was in the hospital "Officer Richard" went into his cell to look for the aftercare instructions sheet from his prior visit, when the ER doctor was upset that they had not been followed. Plaintiff claims other inmates saw Officer Richard look through, read, and remove two documents from plaintiff's "legal/medical records", and the two documents have not been returned. He attaches statements of inmates

claiming to have witnessed the actions of Officer Richard.

Plaintiff also complains that defendants' failure to respond to grievances results in denial of medical treatment because grievances are the means to request such treatment. He also attaches the statements of other inmates to support this complaint.

Plaintiff contends that defendants were "deliberately indifferent" to "serious health risks" in failing to "exercis(e) due diligence to prevent the bites", as well as to his serious medical needs in failing to insure "quick and adequate medical care after the bites". He asserts defendants have subjected him to cruel and unusual punishment and punishment without due process in violation of his rights under the Fourteenth Amendment.

Plaintiff seeks money damages for pain, suffering, and scarring and "relief which (he is) entitled to according to law". He also seeks reimbursement of all funds taken from his account for doctor and hospital visits and medications.

## APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

Plaintiff has filed an Application to Proceed Without Prepayment of Fees (Doc. 2). However, this motion is not complete. 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. 1915(a)(2). Plaintiff has not provided a copy of his trust fund account statement for the

3

appropriate six-month period. He states in his motion that it has been requested, and he is awaiting a reply. Ordinarily, an action may not proceed until plaintiff has submitted a motion that conforms to the requirements of Section 1915(a). The court will provisionally grant plaintiff leave to proceed in forma pauperis on the assumption that he is not being provided the necessary documentation. However, if either that assumption or his statements that he has no assets or account balance are contested or shown to be incorrect, his motion may be denied at that time.

Plaintiff is forewarned that under 28 U.S.C. § 1915(b)(1), a prisoner granted such leave is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action. Instead, being granted leave to proceed in forma pauperis merely entitles an inmate to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). It follows that plaintiff will be assessed the full filing fee herein of $350.00, and pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined will be directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's inmate account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**SCREENING**

Because Mr. Hurd is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds portions of the complaint are subject to being dismissed for reasons that follow.

**CLAIM REGARDING LEGAL/MEDICAL PAPERS**

The court finds that plaintiff's claim regarding his legal/medical papers should be dismissed from this action. Neither named defendant is alleged to have personally participated in the reading or taking of legal/medical papers from plaintiff's cell. Defendants may not be held liable for money damages for acts in which they did not personally participate. Nor are they personally liable for the acts of another person simply because they are supervisory officials. Moreover, plaintiff had no absolute right of privacy to papers in his jail cell, and his allegation that Richards was looking for medical aftercare instructions does not suggest an interference with his right of access to the courts[1]. It also appears that this claim is improperly joined in this action. See

---

[1] In addition, plaintiff does not make clear that the two documents taken were legal rather than medical papers. But even if they could be classified as legal materials, plaintiff has not alleged sufficient facts to state a claim of denial of access. He has not alleged facts establishing any actual injury, which is an essential element of such a claim. To state a denial of access claim, plaintiff must allege facts showing that a non-frivolous case filed by him was actually impeded by the taking of the particular papers.

5

Rule 20(a)(2), Federal Rules of Civil Procedure[2]. This claim is dismissed without prejudice to plaintiff filing a separate complaint against a proper defendant or defendants based upon this transaction or occurrence, which the court finds is separate from his claims of cruel and unusual exposure to poisonous spiders and denial of medical care.

**DENIAL OF MEDICAL CARE CLAIM**

The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir.

---

[2] This rule governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Id. See also FRCP Rule 18(a), which governs joinder of claims. It pertinently provides:

> "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." Zhu v. Countrywide Realty Co., Inc., 160 F.Supp.2d 1210, 1225 (D.Kan. 2001)(citation omitted).

Id.

1991); Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005).  In the objective analysis, the inmate must show the presence of a "serious medical need," that is, "a serious illness or injury." Estelle, 429 U.S. at 104, 105; Farmer v. Brennan, 511 U.S. 825, 834 (1994).  No doubt plaintiff in this case has pleaded sufficient factual allegations indicating a serious medical need.

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." Martinez, 430 F.3d at 1304 (citing Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)(quotation omitted)).  In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1305 (citing Riddle v. Mondragon, 83 F.3d 1197, 1204 (10th Cir. 1996)(quotation omitted)).

It is well-settled that an inadvertent failure to provide adequate medical care or a negligent diagnosis "fail[s] to establish the requisite culpable state of mind."  Estelle, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); Wilson v. Seiter, 501 U.S. 294, 297 (1991).  The United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind."  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a

7

> prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Estelle, 429 U.S. at 105-106 (footnote omitted). Deliberate indifference requires more than negligence, but less than conduct that is undertaken "for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835.

Additionally, in situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires that the inmate suffer "substantial harm" as a result of the delay in order to state a claim of cruel and unusual punishment. Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001); Olson v. Stotts, 9 F.3d 1475 (10th Cir. 1993)(A delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm.).

In the instant action, Mr. Hurd's allegations and exhibits plainly indicate that he was furnished medical care, but there was a two-week delay and then a four-day delay from the time of his initial requests for treatment to the surgeries.

The court sets forth the foregoing standards in such detail to impress upon plaintiff that negligence alone is not sufficient to state a denial of medical treatment claim in federal court under 42 U.S.C. § 1983. If defendants' acts or inactions were the result of negligence rather than deliberate indifference, then plaintiff has no cause of action in federal court, and might be better advised to seek relief in state court on this claim. Nevertheless, at this juncture, this court finds the complaint contains sufficient factual matter regarding plaintiff's claim of denial of medical treatment,

which, accepted as true as it must be at this stage in the proceedings, states a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, ___U.S. ___, 129 S.Ct. 1937, (May 18, 2009)[3].

**DELIBERATE INDIFFERENCE TO RISK FROM SPIDERS CLAIM**

Plaintiff's claims that defendants have not taken reasonable steps to prevent the risks presented by recluse spiders at the SDC, is governed by the same cruel and unusual punishment standards as his denial of medical treatment claim. Thus, plaintiff is required to show from objective facts that he was "incarcerated under conditions posing a substantial risk of serious harm"; and that the defendants knew of and disregarded an excessive risk to inmate health or safety." Martinez, 430 F.3d at 1304 (quotation omitted).

The court finds that a responsive pleading is required on plaintiff's claims of denial of medical treatment and exposure to cruel and unusual risks of bites from recluse spiders.

**IT IS THEREFORE ORDERED** that plaintiff's claims regarding legal/medical documents in his cell are dismissed from this action,

---

[3] The District of Colorado recently summarized the standard of review as follows:

> Under Rule 12(b)(6), "[d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face." United States ex rel. Conner v. Salina Regional Health Center, Inc., 543 F.3d 1211, 1217 (10th Cir. 2008)(internal quotations and citations omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, supra).

Masters v. Gilmore, ___F.Supp.2d___, 2009 WL 3245891 (D.Colo. Oct. 5, 2009).

9

without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is provisionally granted, and he is assessed the filing fee herein of $350.00 to be paid through payments automatically deducted from his inmate account as funds become available.

**IT IS FURTHER ORDERED** that on plaintiff's remaining claims, the clerk of the court shall prepare summons and waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served on defendants by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.

Copies of this Order shall be transmitted to plaintiff, to defendants, to the County Commissioners Office in Seward County, Kansas, and to the Finance Officer at the institution where plaintiff is currently incarcerated.

**IT IS SO ORDERED.**

Dated this 18th day of November, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge