# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| ERIC HURD, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 09-CV-03222 |
| BILL MCBRYDE and ROB GANT, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Eric Hurd, appearing pro se, filed suit seeking relief under 42 U.S.C. § 1983 against defendants Bill McBryde and Rob Gant (doc. 1). Bill McBryde is sheriff of Seward County and Rob Gant is a captain in the Seward County Detention Center delegated with day to day administrative oversight of the jail. Mr. Hurd contends that defendants violated his constitutional right to be free from cruel and unusual punishment by failing to address the jail's spider infestation and by denying him prompt medical treatment for his spider bites. The matter is presently before the court on defendants' motion for summary judgment (doc. 19) and plaintiff's amendments to the complaint (doc. 57). Mr. Hurd has failed to raise a genuine issue of material fact that defendants possessed subjective awareness, either personally or insofar as they are in charge of Seward County Detention Center, of a sufficiently serious risk of harm to Mr. Hurd to rise to the level of constituting deliberate

indifference to Mr. Hurd's medical needs. For the reasons discussed below, the court grants defendants' motion for summary judgment in its entirety. Furthermore, defendants' motion to strike plaintiff's amendments to the complaint is granted, as Mr. Hurd did not seek leave of the court to amend as required under Rule 15(a)(2) of the Federal Rules of Civil Procedure.

**STATEMENT OF MATERIAL FACTS**

In his response to defendants' motion for summary judgment, Mr. Hurd merely reasserted claims previously set forth in his complaint and hypothesized about evidence that could be revealed at trial. His response was not supported with references to depositions, affidavits, or other competent Rule 56(e) evidence. Fed. R. Civ. P. 56(e). Three exhibits accompanied Mr. Hurd's response, yet none controverted the facts asserted in defendants' summary judgment motion. However, Mr. Hurd is a pro se litigant, and the court is mindful that "pro se litigants should not succumb to summary judgment merely because they fail to comply with technical requirements involved in defending such a motion." *Boyd v. Unified Gov't*, 3 F. App'x 731, 732 (10th Cir. 2001). Thus, the court has diligently reviewed Mr. Hurd's briefs and the entire summary judgment record to determine whether genuine issues of material fact exist.

The court's recitation of the facts is informed by the factual allegations in Mr. Hurd's verified complaint. The court construes the facts in the light most favorable to the non-moving party pursuant to Fed. R. Civ. P. 56 and includes only those that are

relevant, material, and properly supported by the record.

Mr. Hurd was incarcerated in the Seward County Detention Center between May and October of 2009. Sheriff Bill McBryde is the sheriff of Seward County and captain Robert Gant has day to day administrative oversight of the Seward County Detention Center. Mr. Hurd states that during his detention period in 2009, the Seward jail was dealing with an infestation of brown recluse spiders, and several inmates had suffered from spider bites. He was bitten by a brown recluse spider on two separate occasions during his detention: once on July 15, 2009 and then again on September 16, 2009. After the first spider bite, Mr. Hurd submitted three medical grievances addressed to Medical Officer Neighbor, Sheriff McBryde, and Captain Gant that were not answered. On August 1, 2009, Mr. Hurd was taken to Southwest Medical Center Emergency Room after alerting Sergeant Jamison Lewis of the spider bite. Surgery was conducted on Mr. Hurd by Dr. Canfield, and he was hospitalized for two days as a result of a staph infection. For several weeks after being released from the hospital, Mr. Hurd had to return daily to have his wound treated, and he remained on antibiotics and pain medication.

Mr. Hurd was again bitten by a spider on or about September 12, 2009. He spoke with medical officer Neighbor on September 18, 2009 regarding his symptoms and submitted a request for medical attention. On September 21, 2009, after the spider bite became increasingly painful, Mr. Hurd turned in a medical grievance addressed to Medical Officer Neighbor, Sheriff McBryde, and Captain Gant. That

3

afternoon, Mr. Hurd showed Officer Neighbor and Officer Carpenter the bite and was again transported to Southwest Medical Center Emergency Room. Dr. Wiley examined the bite, wrote a prescription for antibiotics, and instructed Mr. Hurd to make an appointment with Dr. Taduran's office for the following day. On September 22, 2009, Mr. Hurd alerted Medical Officer Neighbor that his condition had worsened and he needed to return to the emergency room. Officer Neighbor transported Mr. Hurd to Southwest Medical Center Emergency Room, where surgery was performed on the spider bite. Following surgery, Mr. Hurd had to report daily to the hospital to have his wound treated, and he remained on antibiotics and pain medication. Between August and October of 2009, Mr. Hurd received $8,983.38 in medical care.

Based on these facts, Mr. Hurd alleges that Mr. McBryde and Mr. Gant violated his constitutional rights: (1) by failing to solve the spider infestation in the Seward County Detention Center and (2) by denying him prompt medical care.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and the moving party is "entitled to judgment as a mater of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id. (*citing *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (quoting *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Adler*, 144 F.3d at 670-71. In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* at 671 (citing *Celetox Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving part must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein. *Id*.

The court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure designed to secure the just, speedy, and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

When, as here, a plaintiff is proceeding pro se, the court construes his pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). Liberal construction does not, however, relieve the plaintiff of the requirement of presenting evidence based on more than mere speculation, conjecture or surmise. *Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004). "Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Phillips v. Calhoun,* 956 F.2d 949, 951 n. 3 (10th Cir. 1992).

## DISCUSSION

The Eighth Amendment creates an obligation on the part of prison officials to provide adequate health care to inmates. *Estelle v. Gamble*, 429 U.S. 97 (1976).[1] A claim for inadequate medical attention will be successful if the plaintiff shows "deliberate indifference to serious medical needs." *Estate of Hocker v. Walsh*, 22 F.3d 995, 998 (10th Cir. 1994) (quoting *Estelle*, 429 U.S. at 104). To prevail on a claim under § 1983, however, showing an inadvertent failure to provide adequate medical care is not enough. Rather, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Self v. Crum*,

---

[1] In his complaint, Mr. Hurd asserts violations of his Fourteenth Amendment right to due process; however, his claims are most appropriately analyzed under the Eighth Amendment. Although a prisoner's allegations may raise both Eighth and Fourteenth Amendment claims, the Eighth Amendment, which is specifically concerned with unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to prisoners. *Whitley v. Albers*, 475 U.S. 312, 327 (1986); see also *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

439 F.3d 1227, 1230 (10th Cir. 2006).

The Supreme Court set forth a two-pronged inquiry in *Farmer v. Brennan*, 511 U.S. 825 (1994) to clarify standards applicable to deliberate indifference claims. The test for deliberate indifference is both objective and subjective. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The objective component of the test is met if the "harm suffered rises to a level 'sufficiently serious' to be cognizable under the Cruel and Unusual Punishment Clause" of the Eighth Amendment. *Mata v. Saiz*, 427 F.3d 745, 752-53 (10th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834). To prevail on the subjective component, the prisoner must show that the prison official knew of and disregarded a substantial risk to the prisoner's health or safety. *Callahan*, 471 F.3d at 1159. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer*, 511 U.S. at 837.

**A. Spider Infestation**

To survive summary judgment, Mr. Hurd must first produce evidence satisfying the objective component that the alleged deprivation was substantially serious, denying "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prison conditions violate the Eighth Amendment if they result in the "unnecessary infliction of pain," are "grossly disproportionate to the severity of the crime warranting imprisonment," or result in an "unquestioned and serious deprivation of basic human needs." *Ruark v. Solano*, 928

F.2d 947, 949 (10th Cir. 1991). Areas of basic human need include shelter, sanitation, food, personal safety, medical care, and adequate clothing. *Barnes v. Wiley*, 203 F. App'x 939, 941 (10th Cir. 2006). Liability under the Eighth Amendment requires more than "ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835 (quoting *Whitley*, 475 U.S. at 319). At the same time, the frequency and duration of the condition, as well as the measures employed to alleviate the condition, must be considered when analyzing the objective component. *Craig v. Eberly*, 164 F.3d 490, 496 (10th Cir. 1998).

Circuit courts, when addressing various claims of pest infestations in prisons, have found that infestation in combination with other unsanitary conditions, or prolonged infestation without adequate pest control treatment, may create conditions constituting an Eighth Amendment deprivation. *See, e.g., Hoptowit v. Spellman*, 753 F.2d 779 (9th Cir. 1985); *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996). Evidence presented by the inmate in *Benshoof v. Layton* that his prison cell was infested with hundreds to thousands of fire ants, he suffered approximately two hundred bites, and he was refused insecticide, was sufficient to establish he was incarcerated under conditions posing a substantial risk of serious harm. 351 F. App'x 274, 277 (10th Cir. 2009). However, in *Sain v. Wood*, the court concluded that a reasonable jury could not conclude that conditions of confinement were objectively serious enough to establish a constitutional violation where plaintiff alleged seeing several cockroaches during his years of confinement, was bitten twice, and where an

exterminator came every month or month and a half. 512 F.3d 886, 894 (7th Cir. 2008). The Eleventh Circuit affirmed summary judgment where one plaintiff alleged being bitten by a spider twenty-two times and a second plaintiff alleged being bitten five times, the prison employed an exterminator who came periodically to spray for spiders, and the prison actively took measures to alleviate the ongoing problem. *Wall v. Chase*, 251 F. App'x 649, 650 (11th Cir. 2007).

Construed in the light most favorable to Mr. Hurd, the material facts include that the Seward County Detention Center was dealing with an infestation of brown recluse spiders during the time Mr. Hurd was incarcerated in 2009. Other inmates were also bitten by poisonous spiders during the time frame and suffered symptoms including pain, swelling, fever, and infection. Mr. Hurd does not present evidence challenging that a pest control company, Hi Plains Pest Control, treated the jail for spiders. Rather, Mr. Hurd posits questions regarding accuracy of the dates of treatments, where the treatments were applied within the jail, qualifications of those who sprayed the treatment, and whether the treatment was effective. Mr. Hurd also questions the precise number of inmates bitten by brown recluse spiders while he was detained. He suggests that a jury trial is necessary to determine these issues.

Questions listed by Mr. Hurd do not create a genuine issue of material fact that he was incarcerated under conditions posing a substantial risk of serious harm. The evidence reflects that prison officials, including Mr. McBryde and Mr. Gant, were actively and continuously working with a pest control company to address the spider

9

infestation during the period of Mr. Hurd's detention. Based on the uncontroverted record before the court, a reasonable jury could not conclude that the conditions of confinement were objectively serious enough to establish a violation of Mr. Hurd's constitutional rights.

Even if the objective component were met, the subjective requirement of deliberate indifference fails. In conditions-of-confinement cases, the state of mind necessary to hold a prison official liable is one of deliberate indifference to inmate health or safety. *Farmer*, 511 U.S. at 834. Deliberate indifference exists only when the defendant knows of but disregards an excessive risk to inmate health and safety. *Id*. at 837. Mr. Hurd has not shown that Mr. McBryde and Mr. Gant were deliberately indifferent to the risk of harm faced by Mr. Hurd and other prisoners as a result of the spiders. It appears from the uncontroverted record that Mr. McBryde and Mr. Gant were aware of the spider problem and were actively engaged in an extermination process. While Mr. Hurd questions the sufficiency of the treatment measures, he provides no evidence that Mr. McBryde and Mr. Gant knew of any insufficiency in treatment or that a lack of adequate treatment was so obvious that a reasonable jury could find that Mr. McBryde and Mr. Gant had such knowledge. *See Farmer*, 511 U.S. at 842. Even if the treatment methods were insufficient, it does not establish that defendants acted with deliberate indifference to the problem. *Id.* at 844. Therefore, it does not follow that either Mr. McBryde or Mr. Gant were deliberately indifferent to the spider problem in the jail.

## B. Delay in Medical Attention

To satisfy the objective component of deliberate indifference on the part of the defendants, Mr. Hurd must present evidence that his medical condition was sufficiently serious. *See Farmer*, 511 U.S. at 834. "A medical need is sufficiently serious if it has been diagnosed by a doctor or if it would be obvious to a layperson that doctor intervention was needed." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). The harm suffered by Mr. Hurd is without doubt sufficiently serious to meet the objective component necessary to implicate the Eighth Amendment. Construed in the light most favorable to Mr. Hurd, the facts attest that the spider bites caused Mr. Hurd severe pain, swelling, fever, and infection. Affidavits from fellow prisoners Brandon Franklin and Ronald Davis describe that Mr. Hurd's spider bites were readily apparent and worsened as time progressed. Furthermore, when Mr. Hurd showed prison officers his bites on each occasion, it was clear to them that Mr. Hurd was in need of medical attention. Mr. Hurd suffered from the first spider bite for days before receiving medical treatment, during which time the infection and symptoms intensified. For both the first and second spider bite, Mr. Hurd required surgery, follow-up treatments, and medication.

Mr. Hurd, however, fails to raise a genuine issue of material fact that Mr. McBryde or Mr. Gant actually knew of and disregarded a substantial risk of harm to his safety. The subjective component of deliberate indifference is therefore not satisfied. Evidence in the record indicates that Mr. McBryde and Mr. Gant were

11

unaware of Mr. Hurd's spider bites until he requested to be transported to the hospital on August 1, 2009 and September 22, 2009. No evidence exists that defendants personally saw Mr. Hurd at any time or received requests from Mr. Hurd for medical treatment. Mr. Hurd has not presented copies or evidence of the medical grievances he states he sent to Mr. McBryde and Mr. Gant. Mr. Hurd did attach to his complaint a letter he received from Mr. Gant in which Mr. Gant explained that he had not received Mr. Hurd's grievances, for if he had received them, he would have either answered in writing or spoken with Mr. Hurd personally. Also included in Mr. Hurd's complaint was an affidavit from prisoner Ronald Davis, who stated that he had sent several grievances to Mr. McBryde and Mr. Gant in the past that were not answered. This evidence, however, does not contradict Mr. McBryde and Mr. Gant's claim that they never received Mr. Hurd's grievances. Mr. Hurd has not shown that defendants knew of his spider bites, drew the inference that he was facing a risk of harm, or purposefully ignored his medical situation.

## C. Qualified Immunity

When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established. *Martinez*, 563 F.3d at 1088 (citing *Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009)). To reach the question of whether a defendant official is entitled to qualified immunity, a court must first ascertain whether the plaintiff has sufficiently asserted the violation of a constitutional

right. *Martinez*, 563 F.3d at 1091; *Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995). When the facts do not demonstrate that an official's conduct violated a constitutional right, the court need not further pursue the qualified immunity inquiry, and the official is entitled to summary judgment. *See Kelsey v. County of Schoharie*, 567 F.3d 54, 62 (2d Cir. 2009). As discussed above, Mr. Hurd has failed to raise a genuine issue of material fact that defendants Mr. McBryde and Mr. Gant violated his constitutional rights. Because no underlying constitutional violation occurred, liability cannot be imposed on Mr. McBryde or Mr. Gant. There is therefore no need to proceed to the second prong to analyze whether the constitutional rights at issue were clearly established.

**D. Defendants' Motion to Strike Plaintiff's Amendments to Complaint**

On September 27, 2010, Mr. Hurd filed amendments to his complaint (doc. 57). Defendants responded with a motion to strike on October 6, 2010 (doc. 58). The Federal Rules of Civil Procedure allow for a party to amend his pleading within 21 days of service of the pleading or responsive pleading. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). The court will freely give leave to amend when justice so requires. *Id*.

Mr. Hurd's amendments were not submitted as simply a clarification of the claims set forth in the original complaint. Rather, Mr. Hurd reasserted facts and arguments included in his complaint and, in addition, included a description of yet

13

another spider bite he received more than a month after filing the original complaint. Mr. Hurd did not file these amendments within the 21 day time frame allowed by Rule 15 and was therefore required to seek leave of the court. Even if he had appropriately requested and received leave to amend, however, Mr. Hurd's amendments would not change the outcome of defendants' summary judgment motion. In his amendments, Mr. Hurd again failed to present evidence creating a genuine issue of material fact concerning deliberate indifference on the part of Mr. McBryde or Mr. Gant. Therefore, defendants' motion to strike is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' motion for summary judgment (doc. 19) and motion to strike plaintiff's amendments to complaint (doc. 58) are granted.

**IT IS SO ORDERED** this 20th day of October, 2010.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge